## VORON & CHAIT, Inc., v. BENGUIAT.

(Supreme Court, Appellate Term, First Department.   March 13, 1916.)

1. APPEAL AND ERROR ⬤⟹192(4)—OBJECTION FIRST MADE ON APPEAL.
    Where it nowhere appeared in the record that the right of plaintiff to a bill of particulars to a defense was questioned on the ground of failure to make due demand therefor, the right to such bill could not be raised for the first time on appeal.
    [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. ⬤⟹192(4).]

2. COURTS ⬤⟹189(7)—MUNICIPAL COURTS—BILL OF PARTICULARS—DEFENSE.
    Under Municipal Court Code of New York City (Laws 1915, c. 279), effective September 1, 1915, by section 78 providing generally for pleadings, bill of particulars, etc., by subdivision 7 that in a proper case a written demand for a bill of particulars of the complaint or counterclaim may be filed with the clerk, and by section 15 providing that, except as otherwise provided in the act or in the practice of the court, it should conform as nearly as might be to the practice in like cases in the Supreme Court, the Municipal Court's power to order a bill of particulars is not limited to particulars of the complaint and counterclaim, but it may order a bill of particulars to a defense.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 409, Dec. Dig. ⬤⟹189(7).]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Voron & Chait, Incorporated, against Mordecai Benguiat. From an order granting plaintiff's motion for a bill of particulars, defendant appeals. Dismissed.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Louis Ogust, of New York City, for appellant.
Grossfield Bros., of New York City, for respondent.

DELEHANTY, J. The appeal presented is from an order granting plaintiff's motion for a bill of particulars in certain respects of the so-called second separate and distinct defense contained in the answer herein. Issue was joined between the parties on November 11, 1915, and thereafter, and on November 20, 1915, plaintiff served a notice of motion returnable November 23, 1915, for the bill in question.

The action is for goods sold and delivered and moneys advanced to defendant. The second defense pleaded, which is the subject of the bill ordered, is not only evasive, but mystifying, in its allegations, and warranted the granting of particulars thereof, unless the court exceeded, as claimed, its authority in so doing. Section 78 of the Municipal Court Code of New York City, which went into effect September 1, 1915, provides generally for pleadings, bills of particulars, and special appearance, and subdivision 7 thereof, in so far as material herein, reads as follows:

"In a proper case a written demand for a bill of particulars of the complaint or counterclaim may be filed with the clerk. The defendant may file his demand at the time of answering. The plaintiff may file his demand three days after the counterclaim is interposed. In either case a bill of particulars

must be filed with the clerk within three days after the demand is filed. * * * The court may order a written bill of particulars, with or without verification, to be filed and served by the plaintiff or by the defendant interposing a counterclaim."

Section 15 thereof provides:

"Except as otherwise provided in this Act or in the rules, the practice, pleadings, forms and procedure in this court shall conform, as nearly as may be, to the practice, pleadings, forms and procedure existing at the time in like causes in the Supreme Court, any statutory limitations, heretofore enacted, to the contrary thereof notwithstanding."

[1] Two grounds are urged for the reversal of the order appealed from: First, that plaintiff lost its rights (if it ever had any) to a bill of particulars by not demanding same and proceeding as provided in the Municipal Court Code; and, second, that the Municipal Court is without power to order a bill of particulars of a defendant's defense. I will consider these points in the order named. It nowhere appears in the record that the right of plaintiff to a bill was questioned by failing to make due demand therefor, and, such being the case, it cannot be raised for the first time on appeal.

[2] On the second point, which is the main one in controversy, the defendant urges that, inasmuch as the Legislature has provided in subdivision 7 of section 78, cited, for bills of particulars of the complaint or counterclaim, the Municipal Court has no power to grant a bill, except as therein provided. I cannot interpret the statute in that way. It does not seem that the Legislature intended by that subdivision to limit the power of the Municipal Court. That section provides for a speedy method of obtaining a bill of particulars of a complaint or counterclaim, but makes no provision for a bill of particulars of a defense. The right to a bill of particulars of a defense is as important to a litigant as is the right of a bill of particulars of a complaint or a counterclaim. That right is recognized in the practice prevailing in this court, and under the broad provision of the Municipal Court Code should be recognized as a matter of right thereunder. It would seem unreasonable to hold that the legislative intent was to deny to a plaintiff the right to such a bill when the necessity therefor in the proper preparation for trial is duly shown. Our opinion is that the section in question should not be construed as creating, so far as bills of particulars are concerned, an exclusive remedy, but rather that it gives an additional one to enable litigants to procure such bills more speedily in regard to pleadings which require an answer or may require reply. To adhere strictly to the letter of the statute and limit bills to complaints and counterclaims would lead to grave injustice.

It follows that the trial justice had the power to make the order, which is therefore not appealable, and the motion to dismiss the appeal is accordingly granted, with $10 costs. All concur.